POOLE BROS. et al. v. ISAAC H. BLANCHARD CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 166.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESK CALENDAR.

The Wilson patent, No. 585,944, for a memorandum calendar, comprising a holder for desk calendars, while not a basic one, covers a combination which is novel, and the utility of which is proved by large sales, and should be conceded invention within its narrow limits; also *held* infringed.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing the bill of complaint. The suit is one for alleged infringement of United States letters patent No. 585,944 granted July 6, 1897, to James R. Wilson for a "memorandum calendar." The invention pertains to that type of calendar holders commonly used to support desk calendars of the well-known form, in which each leaf bears the date of a different day of the year; said leaves being arranged in consecutive order upon or within a file or frame in such manner that each leaf may be exposed in turn as its date is reached. Each leaf, after use, is separated from the pad to expose the next succeeding leaf, and filed with the preceding leaves to form permanent memoranda of the data which may have been entered thereon.

Speaking generally, the patented calendar holder embodies a seat or support for the original pad, a second seat for the used leaves, and means for guiding the used leaves from the first seat to the second seat. The means for guiding is the heavy wire threaded through the leaves, which is found in several prior patents. These wires in Wilson's patent are bent so that, rising from the base of the first seat, they curve over at some little distance above said seat, themselves forming the second seat, which is not otherwise supported. The claim sued upon reads as follows:

"1. A holder for desk calendars, comprising a base for resting on the desk, and two seats for the calendar leaves, one seat being upon the base and upwardly facing, and the other being carried by and elevated above the base and rearwardly facing, and means for guiding the leaves when moved between their two seats."

For a further description of the patented device, reference may be had to Poole Bros. v. Marshal-Jackson Co. (C. C.) 161 Fed. 752, and the same case on appeal (Seventh Circuit) 171 Fed. 842, 96 C. C. A. 510. In these opinions the question of validity was not discussed. It was held that, under the narrow construction which the prior art required, infringement was not shown.

Offield, Towle, Graves & Offield, of Chicago, Ill., and Philip Adams, of New York City (A. H. Graves, of Chicago, Ill., of counsel), for appellants.

Smith & Bowman, of New York City (J. H. Griffin, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge (after stating the facts as above). The patent has the prima facie presumption of validity arising from its issue, strengthened by the circumstance that, although the application for the Brown patent, covering a device which defendant here contends is the same as Wilson's was pending at the same time, the Patent Office did not declare or suggest an interference. There is some question whether the date of this Brown application was properly proved in this case; but, in view of the conclusion we have reached, that question need not be decided. The Brown device may be considered prior art. It is no nearer the Wilson device than other structures whose priority is conceded. Utility is established. There have been large sales. After the decision of the Court of Appeals in the Seventh Circuit, a licensee signed an agreement for a royalty of 5 cents on every calendar sold, covenanting that at least 65,000 would be sold each year, and actual sales have exceeded that number. The defendant certainly cannot maintain that it has no utility, since defendant itself uses it.

The patent is in no sense a basic one. The art was crowded; but upon this record we do not see how it can be said that the particular combination of parts shown, described, and claimed is not novel. We find nothing which anticipates this particular combination. Undoubtedly it is a very simple thing, and it may seem to involve only trumpery changes from the structures of the prior art; but many thousands of people evidently prefer it to any of the numerous other calendars which are available. Since Wilson was the first to devise the peculiar structure which pleases them, we see no good reason why he should not reap the fruits of his ingenuity in devising it, so long as he is confined strictly to the novel construction which he did disclose. Parks v. Booth, 102 U. S. 96, 26 L. Ed. 54; Waterbury Buckle Company v. Aston, 183 Fed. 120, 105 C. C. A. 410.

Defendant's device is a Chinese copy of the patentee's, and manifestly infringes.

Decree reversed, with costs, and cause remanded, with instructions to decree in conformity with this opinion.